# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOANNE CURLEY, et al., | ) | |
| Plaintiffs, | ) | C.A. No. 07-145 Erie |
| | ) | |
| v. | ) | |
| | ) | District Judge McLaughlin |
| CATHERINE C. McVEY, et al., | ) | Chief Magistrate Judge Baxter |
| Defendants | ) | |

## MEMORANDUM AND ORDER

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983 and challenging the manner in which the Pennsylvania Board of Probation and Parole and the Department of Corrections operate and manage the parole system. The Plaintiffs commenced this action by filing an eighty-five page complaint in which they raise numerous federal constitutional claims and six state law claims. Subsequent to the filing of the complaint, Plaintiffs filed a Motion for Class Certification. (Doc. # 8).

Defendants have filed a Motion to Dismiss Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. # 11). They assert that the Eleventh Amendment precludes a suit against them in their official capacity and that Plaintiffs failed to state any claim upon which relief can be granted. On February 29, 2008, Chief Magistrate Judge Susan Paradise Baxter issued a Report and Recommendation. (Doc. # 18). She reasonably interpreted Plaintiffs' allegations as asserting the following federal constitutional claims: procedural and substantive due process violations; violations of the separation of powers doctrine; violations of the double jeopardy provision of the Fifth Amendment; violations of the Sixth Amendment right to trial by jury; violations of the Fifth Amendment right against self-incrimination; and, violations of the *Ex Post Facto* Clause. She recommends that the motion to dismiss be denied as to Eleventh Amendment immunity, but that it be granted with respect to Plaintiffs' federal constitutional

claims because Plaintiffs have failed to state a claim upon which relief can be granted. She further recommends that the Court decline to exercise supplemental jurisdiction over the state law claims.

Plaintiffs have filed objections to the Magistrate Judge's Report and Recommendation. (Doc. # 21). They contend that their claims have been misconstrued. They clarify that they are not raising any procedural due process claims, any Fifth Amendment double jeopardy or self-incrimination claims, or any claims based upon the federal separation of powers doctrine. Plaintiffs now explain that their federal constitutional claims are premised only upon their substantive due process rights, their Sixth Amendment right to a jury trial, and their rights under the *Ex Post Facto* Clause. As we read their objections, they expound their substantive due process and *ex post facto* claims and they present the full scope of those claims in a manner that is not readily discernable from a reading of their complaint.

Where, as here, objections have been filed, the Court is required to make a *de novo* determination as to those portions of the Report and Recommendation to which objections were made. See 28 U.S.C. § 636(b)(1). Accordingly, we have carefully examined *de novo* all claims raised by Plaintiffs in their objections (Doc. # 21).

In consideration of Federal Rule of Civil Procedure 15(a)'s liberal approach to amending pleadings, we shall dismiss without prejudice the substantive due process claims, *ex post facto* claims, and state law claims and allow Plaintiffs to file an amended complaint to replead these "clarified" claims. See Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000) (requiring that civil rights plaintiffs whose claims have been dismissed for lack of factual specificity be given a reasonable opportunity to amend their complaint). In contrast to their present complaint, the amended complaint shall be consistent with Federal Rule of Civil Procedure 8(a)'s directive to provide a "'short and plain statement of the claim' that will give the defendant[s] fair notice of what [their] claim is and the grounds upon which it rests." Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168

(1993) (citing Conley v. Gibson, 355 U.S. 41, 47 (1957) (quoting Fed.R.Civ.P. 8(a)(2))).

As for Plaintiffs' Sixth Amendment right to a jury trial claim, we find that the Magistrate Judge properly construed this claim and properly recommended that it be dismissed with prejudice. Plaintiffs' objections to the Magistrate Judge's recommendation on their Sixth Amendment claim are without merit. They may not replead their Sixth Amendment claim in the amended complaint because such an amendment would be futile as it would not withstand a motion to dismiss. See Shane, 213 F.3d at 115.

Because the Court is providing the Plaintiffs with the opportunity to file an amended complaint, we shall dismiss without prejudice their Motion for Class Certification. They may reassert that motion subsequent to the filing of their amended complaint.

An appropriate Order follows.

*ORDER*

AND NOW, this 28th day of March, 2008, IT IS HEREBY ORDERED that:

(1) The Motion to Dismiss (Doc. # 11) is GRANTED IN PART and DENIED IN PART;

(2) The portion of the Magistrate Judge's Report and Recommendation as to Eleventh Amendment immunity and Plaintiffs' Sixth Amendment claim are adopted as the opinion of the Court. Plaintiffs' Sixth Amendment claim is DISMISSED WITH PREJUDICE;

(3) Plaintiffs' substantive due process claims, *ex post facto* claims, and state law claims are DISMISSED WITHOUT PREJUDICE. They may file an amended complaint and replead those claims on or before April 16, 2008; and,

(4) Plaintiffs' Motion for Class Certification (Doc. # 8) is DISMISSED WITHOUT PREJUDICE.

_____
SEAN J. MCLAUGHLIN
UNITED STATES DISTRICT JUDGE